UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE MAURO,

    Plaintiffs,

v.

COUNTY OF MACOMB, ET AL.,

    Defendants.
_____/

Case No.16-11533

Paul D. Borman
United States District Court Judge

## OPINION AND ORDER GRANTING DEFENDANT ANTHONY MARROCCO IN HIS INDIVIDUAL CAPACITY'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED STATEMENT OF SPECIAL AND/OR AFFIRMATIVE DEFENSES

Now before the Court is Defendant Anthony Marrocco in his individual capacity's Motion for Leave to File a Second Amended Statement of Special and/or Affirmative Defenses. (ECF No. 13.) Plaintiff filed an "objection" to the request but Defendant Marrocco did not file a reply. (ECF No. 14.) The Court has determined there is no need for oral argument and will decide the matter based on the parties' briefs. E.D. MICH. LR 7.1(f).

This action was removed to this Court by Defendants on April 28, 2016. (ECF No. 1.) Plaintiff asserts that Defendant County of Macomb and Defendant Anthony Marrocco, in his individual and official capacity as Macomb County's Public Works Commissioner, violated a number of his constitutionally protected rights, including *inter alia* rights protected under the Equal Protection Clause and the First Amendment, pursuant to 42 U.S.C. § 1983. (ECF No. 1, Ex. A, Compl.) Plaintiff also alleges claims of false imprisonment and intentional infliction of emotional distress pursuant to Michigan law. (*Id.*) Plaintiff's claims all appear to arise from allegations that Defendant Marrocco misused his position and influence as a Public Works Commissioner in relation to an ongoing investment dispute with Plaintiff which ultimately

resulted in Plaintiff being jailed for contempt in a state civil action. (*See* Compl. ¶¶ 46-47, 55.)

Defendant Marrocco, in his individual capacity, filed an Answer to the Complaint on May 18, 2016. (ECF No. 4.) Thereafter, on May 31, 2016, he filed an Amended Answer. (ECF No. 7.) Then in July 2016, Defendant Marrocco sought concurrence with Plaintiff's counsel to file a second amended answer to add three new affirmative defenses:[1]

> (66)  Plaintiff's claims against Defendant Marrocco are barred by the application of governmental immunity provided by state law.
>
> (67)  Defendant Marrocco is absolutely immune from state tort claims.
>
> (68)  Plaintiff's claim under federal law is barred by the application of qualified immunity or other immunity provided by federal law.

(Def.'s Br., Ex. 1, Proposed Second Am. Statement of Special and/or Affirmative Defenses.) Plaintiff opposed the amendment and Defendant Marrocco thereafter filed the instant motion for leave to file the same. (ECF No. 13.)

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) states that leave to amend is "freely" granted "when justice so requires." FED. R. CIV. P. 15(a). Generally "a failure to plead an affirmative defense, like statute of limitations, results in the waiver of that defense and its exclusion from the case." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). However, there are exceptions to this "broad rule," significantly that an answer may be amended pursuant to Rule 15(a). *Id.* (citation omitted). "Simply put, Rule 15(a) allows a party to amend his pleading to assert an omitted affirmative defense." *Id.* Yet, a court need not grant leave to amend when the proposed

---

[1] Defendant Marrocco notes that these three affirmative defenses are asserted in the Answer he filed in his official capacity. (ECF No. 5, Answer filed in his Official Capacity.)

amendment would be futile, result in undue dely, or is brought in bad faith. *See Murphy v. Grenier*, 406 F. App'x 972, 977 (6th Cir. 2011).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

> Of course, 12(b)(6) motions are made with reference to complaints and not affirmative defenses; but the same basic standard applies. The court must determine whether the defendants' allegations raise the merits of the defense above a speculative level, or put differently, whether, assuming the truth of the defendants' allegations regarding the defense, it nevertheless would fail.

*Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02-1008, 2008 WL 361258, at *6 (M.D. Tenn., Feb. 8, 2008) (citing *State Mut. Life. Assur. Co. v. Deer Creek Park*, 612 F.2d 259, 270 (6th Cir. 1974) and *Campania Management Co. Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002) (holding that a proposed affirmative defense "is futile if it sets forth facts or legal theories that are redundant, immaterial, or unresponsive to the allegations in the complaint.")).

### III. ANALYSIS

In the present action, Plaintiff does not contend that Defendant Marrocco's proposed amendments are brought in bad faith or are untimely. Indeed, it is clear from the record that Defendant Marrocco sought to amend his affirmative defenses well prior to the end of fact or expert discovery (which have not yet closed) and there appears to be no bad faith in the request. Plaintiff does argue, however, that the Court should deny Defendant Marrocco's request because his three new affirmative defenses are "futile."

Plaintiff first contends that Defendant Marrocco's proposed affirmative defense number 66, that Plaintiff's claims are "barred by the application of governmental immunity or other immunity provided by state law," is futile because pursuant to Mich. Comp. Laws § 691.1407(1), "governmental immunity from tort liability is extended only to governmental agencies, not governmental officials and employees." (ECF No. 14, at 3.) Plaintiff appears to construe proposed affirmative defense number 66 as a "general assertion of governmental immunity" that does not relate to the governmental immunity extended *under the same statute* to governmental officials and employees. *See* Mich. Comp. Laws § 691.1407(2) (which provides immunity in certain enumerated instances for "each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency.") Plaintiff provides no basis or rationale for his conclusion that Defendant Marrocco is attempting to raise an affirmative defense applicable only to governmental agencies. In light of the fact that Defendant Marrocco was or is currently a government official or employee and the plain language of § 691.1407(2), which provides immunity to governmental officials and employees in certain circumstances, Defendant Marrocco's affirmative defense that "governmental immunity or other immunity provided by state law" is not futile.

Next, Plaintiff summarily argues that Defendant Marrocco's proposed affirmative defense number 67, that provides "absolute immune from state tort claims," is futile. Plaintiff contends that this proposed affirmative defense is based upon Mich. Comp. Laws § 691.1407(5) which sets forth:

> A judge, a legislator, and the elective or highest appointive executive official of
> all levels of government are immune from tort liability for injuries to persons or

>damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

Mich. Comp. Laws § 691.1407(5). Plaintiff argues, with no analysis, that proposed affirmative defense number 67 is futile because "the tort claims alleged by plaintiff . . . do not arise from actions taken by Marrocco properly acting within the scope of his executive authority." (ECF No. 14, at 4.) The Court finds, however, that whether Defendant Marrocco was acting within the scope of his authority is a question of fact that the Court cannot decide at this stage of the litigation. Again, Defendant Marrocco is a public works official and thus proposed affirmative defense 67 rises above the speculative level and cannot be found futile.

Finally, Plaintiff claims that Defendant Marrocco's affirmative defense number 68, that "Plaintiff's claim under federal law is barred by the application of qualified immunity or other immunity provided by federal law," is also futile. In support of his futility argument, Plaintiff summarily contends that "the constitutional violations asserted in the Complaint were clearly established at the time plaintiff alleges that Marrocco violated his rights" and that "*when read in the light most favorable to plaintiff*, the facts alleged in the Complaint show that Marrocco's conduct violated plaintiff's constitutional rights." (ECF No. 14, at 6 (emphasis added)) Plaintiff, however, misapprehends the standard for determining the futility of an affirmative defense. As explained *supra*, a court must evaluate whether the proposed affirmative defense would fail even assuming "the truth of the defendants' allegations regarding the defense." *Gore*, No. 3:02-1008, 2008 WL 361258, at * 6. Indeed, if a court were to take the facts alleged in the complaint in a light most favorable to a plaintiff while evaluating the futility of a proposed affirmative defense, no affirmative defense could ever survive.

Accordingly, the Court rejects Plaintiff's argument of futility and finds that, at this stage

5

of the litigation, Defendant Marrocco's proposed affirmative is not futile given the federal constitutional claims Plaintiff has lodged against him.

## IV. CONCLUSION

For all these reasons, the Court GRANTS Defendant Marrocco in his individual capacity's Motion for Leave to File his Second Amended Statement of Special and/or Affirmative Defenses (ECF No. 13).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 27, 2016.

s/Deborah Tofil
Case Manager